UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL WILLIAM RUDD,  )
                Plaintiff,  )
                            )   No. 1:20-cv-27
-v-                           )
                            )   Honorable Paul L. Maloney
GREGORY C. PITTMAN,  )
                Defendant.  )
                            )

## OMNIBUS ORDER

Plaintiff Daniel Rudd sued Gregory Pittman, the Muskegon County Probate Judge presiding over Rudd's child custody dispute. Pittman filed a motion to dismiss. (ECF No. 8.) The Magistrate Judge issued a report recommending the Court grant the motion to dismiss. (ECF No. 30.) Plaintiff filed objections.[1] (ECF No. 40.) The Court will adopt the report and recommendation with a modification. The Court takes Rudd's request for leave to file an amended complaint under advisement and will require Rudd to file a proposed amended complaint. The Court also resolves Plaintiff's other pending motions. (ECF Nos. 16, 43, 54, 58, and 62.)

A.  Report and Recommendation

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge

---

[1] By order (ECF No. 39), the initial objection filed by Rudd (ECF No. 33), was stricken and was replaced by a later filed objection.

reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

The Court has endeavored to interpret and apply Rudd's objections to the R&R. For the reasons provided below, the Court will overrule Rudd's objections but will modify the R&R.

1. Standing

Although the Magistrate Judge concludes that Rudd has standing for all of his claims and requests for relief, Rudd objects to the premise that he had to establish separate standing for some of the relief sought. For the purpose of resolving the objections, the Court assumes that Rudd has separate standing sufficient for prospective declaratory relief.

2. Nature of Relief Sought

The Magistrate Judge concludes that the declaratory relief Rudd seeks is too general. (R&R at 13 PageID.307.) Rudd's requests for declaratory and injunctive relief are found in paragraphs 40 (PageID.10), 76 (PageID.16), 102 (PageID.20), and 128-129 (PageID.24) of his complaint. In his objection, Rudd contends that the prospective relief sought is merely a "first step." (Obj. at 6 PageID.358.) He also contends that "future acts of retaliation are likely." (*Id.* at 8 PageID.360.) The objection is overruled. The enumerated paragraphs in the complaint speak for themselves. Rudd requests the Court broadly declare that Pittman's past actions have violated Rudd's rights and that similar future acts would continue to violate Rudd's rights. The magistrate judge correctly applied the law to the pleadings and the factual

allegations in this case. The requests for prospective relief in the identified paragraphs are too general and too speculative for this Court to grant Rudd the relief he seeks.

    3. *Younger v. Harris*

The Magistrate Judge concludes that this Court should abstain from issuing the requested declaratory relief under *Younger*. (R&R at 13-14 PageID.307-08.) Rudd's custody case is an on-going state proceeding, even if the parenting and custody order has not changed since August 2014. Rudd objects, arguing that abstention was not raised or briefed by the parties. (Obj. at 18 PageID.370.) The objection is overruled. Federal courts may raise *Younger* abstention on their own. *See Bellotti v. Baird*, 428 U.S. 132, 143 n.10 (1976); *Fed. Express Corp. v. Tennessee Pub. Serv. Comm'n*, 925 F.2d 962, 966 (6th Cir. 1991); *see, e.g., Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006) (affirming *sua sponte* dismissal). To the extent that Rudd complains that the proceedings before Pittman will not be fair and, therefore, he needs prospective relief, he must first present those claims in a proper appeal or seek an appropriate other remedy from the state appellate courts. And, Rudd has asserted, but not explained, why he cannot raise his constitutional concerns in the custody proceedings. (Obj. at 20 PageID.372.) This Court is unaware of any prohibition on raising constitutional issues in the state court custody proceedings.

    4. Judicial vs. Non-Judicial Conduct

The Magistrate Judge concludes that the claims brought against Pittman in his official capacity must be dismissed because Pittman is entitled to absolute judicial immunity. (R&R at 9 PageID.303.) Rudd objects, arguing that some of Pittman's conduct falls outside the scope of his judicial functions. The objection is overruled. The Court agrees with the

Magistrate Judge's explanation why the disputed acts fell with Pittman's judicial capacity. (R&R at 10-12 PageID.304-06.)

 5. Amendment / Prejudice

The Magistrate Judge recommends dismissal with prejudice of Rudd's federal claims. Rudd objects to dismissal with prejudice and requests leave to amend his complaint. (Obj. at 27 PageID.379.)

First, the Court notes that Rudd has two pending motions for additional time to file an amended pleading. (ECF Nos. 43 and 54.) The Court will address those two motions below, and also whether the Court will grant leave to amend the complaint.

Second, not all of the federal claims resolved by the Report and Recommendation will be dismissed with prejudice. The claims brought against Pittman in his individual capacity must be dismissed with prejudice. This Court exercised jurisdiction over those claims and resolved those claims on the basis of judicial immunity. The claims for equitable relief brought against Pittman in his official capacity are dismissed with prejudice as to federal courts, but not for the state courts. *See Ernst v. Rising*, 427 F.3d 351, 366 (6th Cir. 2005). The R&R resolves the claims for equitable relief against Pittman in his official capacity under *Ex Parte Young* and *Younger v. Harris*. Those doctrines raise jurisdictional concerns and the Court has not addressed the merits of Rudd's claims.

B. Motions for Extension of Time to File Amended Pleadings (ECF Nos. 43 and 54)

Rudd requested leave to file an amended complaint in his September 1, 2020, objection to the Report and Recommendation. He has since filed two motions for an extension of time to file an amended complaint. (ECF Nos. 43 and 54.)

Rudd must seek leave of the Court to file an amended complaint. *See* Fed. R. Civ. P. 15(a). Rule 15(a)(1)(B) instructs federal courts to "freely give leave when justice so requires." The Sixth Circuit has held that a court may deny leave to amend for "a variety of reasons, including 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment.'" *Nino v. Flagstar Bank, FSB*, 766 F. App'x 199, 204 (6th Cir. 2019) (quoting *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 640 (6th Cir. 2018)). The Local Rules for the Western District of Michigan require a party seeking leave to file an amended pleading to file the proposed pleading with the court. W.D. Mich. LCivR 5.7(f). To date, Rudd has not complied with the Local Rule. In his two requests for additional time, Rudd has described how he might amend his complaint, but he has not provided the Court with a draft of the proposed complaint.

The Court will take Rudd's request for leave to file an amended complaint under advisement. Rudd made the request for leave to amend the complaint as part of his objections, and the court rules require leave to amend to be freely granted in the interest of justice. Pittman opposes any amendment, asserting that it would be futile. The Court has the same concerns. Nevertheless, Rudd should be afforded the opportunity to file an

amended complaint that avoids the issues identified in the report and recommendation. Rudd must comply with the Local Rule and submit a proposed amended complaint. The Court will then review the proposed amended complaint and determine whether the changes avoid the problems with the original complaint identified in the R&R. Because the Court will consider a proposed complaint, the Court will grant the two motions for an extension of time. (ECF Nos. 43 and 54.)

### C. Other Pending Motions

Rudd filed other motions, which remain pending.

First, Rudd filed a supplemental motion to expedite consideration of his motion to amend or correct a brief in opposition to the motion to dismiss. (ECF No. 16.) That motion will be dismissed as moot. The Magistrate Judge granted the motion to amend or correct.

Second, Rudd filed a motion for leave to file a reply in support of one of his motions for additional time. (ECF No. 58.) That motion for leave to file a reply is dismissed as moot.

Third, Rudd filed a motion for leave to file a supplemental brief. (ECF No. 62.) That motion is denied. Rudd begins with the premise of new authority. The cited opinion, however, addresses prosecutorial immunity, not judicial immunity.

Accordingly, **IT IS SO ORDERED THAT**

1. The Court **ADOPTS**, as its Opinion, the Report and Recommendation (ECF No. 30), **WITH ONE MODIFICATION.** Rather than dismissing Rudd's official capacity claims against Pittman with prejudice, those claims are dismissed without prejudice. With that modification, the Court **GRANTS** Pittman's motion to dismiss. (ECF No. 8.)

2. The Court takes Rudd's request for leave to file an amended complaint **UNDER ADVISEMENT.** Rudd must submit a proposed amended complaint to the Court no later than February 19, 2021. Failure to meet this deadline will result an entry of judgment and termination of this lawsuit.

3. The Court **GRANTS** Rudd's two requests for additional time to file an amended pleading. (ECF Nos. 43 and 54.) The Court deadline for filing the proposed amended pleading is identified above.

4. The Court **DISMISSES AS MOOT** Rudd's request to expedite. (ECF No. 16.)

4. The Court **DISMISSES AS MOOT** Rudd's request for leave to file a reply. (ECF No. 58.)

6. The Court **DENIES** Rudd's motion for leave to file a supplemental brief. (ECF No. 62.)

Date:  January 22, 2021                               /s/ Paul L. Maloney
                                                                        Paul L. Maloney
                                                                        United States District Judge